# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| AMBULATORY INFUSION THERAPY SPECIALISTS, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-05-4389 |
| AETNA LIFE INSURANCE COMPANY and PRUDENTIAL INSURANCE CO., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Ambulatory Infusion Therapy Specialists, Inc. ("AITS"), a healthcare provider, sued

Aetna Life Insurance Company and Prudential Insurance Company of America in Texas state

court to recover $14,153.67 out of $114,694.50 invoiced for medical services provided to an

insured patient. The patient, N.D., worked for The Kroger Company, which funded an

employee health insurance plan initially administered by Prudential and later administered

by Aetna. Beginning in late 2000, AITS provided medical services to N.D. and submitted

the claims to Aetna for payment. Aetna paid $98,490.83 of the $114,694.50 invoiced, but

denied payment of $14,153.67 on the grounds that the charges were duplicative or exceeded

the reasonable and customary fees for such services.

AITS sued the defendants in state court, asserting state-law claims for breach of

contract, negligent misrepresentation, and promissory estoppel. (Docket Entry No. 9, Ex. 1,

¶¶ V–VII). The defendants removed on the grounds that ERISA completely preempts

AITS's claims and that this court has diversity jurisdiction.  This court denied AITS's motion to remand by Memorandum and Order issued in June 2006, finding that the breach of contract claim was completely preempted.  This court ordered AITS to replead to assert any ERISA claim.  AITS did replead but asserted no ERISA claim, instead reasserted the same state-law breach of contract, negligent misrepresentation, and promissory estoppel causes of action.  (Docket Entry No. 15).  Aetna and Prudential filed a motion to dismiss, asserting that AITS failed to comply with the court's order and that preemption bars all AITS's state-law claims.  (Docket Entry No. 18).  AITS responded, arguing that none of its claims were preempted.  (Docket Entry No. 19).  AITS also moved for leave to file a second amended complaint to add a state-law fraudulent misrepresentation claim.  (Docket Entry No. 20).  Aetna and Prudential ask this court to deny the motion for leave to amend on the basis of futility.  (Docket Entry No. 21).  After reviewing the motion and response, the pleadings, the record, and the applicable law, this court converts the defendant's motion to dismiss into one for summary judgment and sets a schedule for discovery limited to preemption and a deadline for supplementing the record.  This court denies AITS's motion for leave to amend because the proposed amended complaint fails to comply with federal pleading standards.  The reasons for this decision are explained below.

## I.      Background

The background of this case was set out in this court's earlier opinion and is not repeated in detail here.  Briefly, N.D. worked for The Kroger Company and received health insurance coverage through Kroger's employer-funded insurance plan.  In late 2000 through

2

the first half of 2001, N.D. received medical services from AITS.  N.D. assigned the Plan benefits for the medical services to AITS.  (Docket Entry No. 10, Ex. 1, ¶¶ 12–13; Ex. 1-C). AITS billed Prudential, Kroger's plan administrator at the time, for medical services provided to N.D. from October 10, 2000 through January 11, 2001.  Prudential refused to pay some of the amounts billed.  There is no dispute that the Plan is governed by ERISA.

The Plan summary includes a description of coverage for Plan participants.  The Plan states that "Eligible Charges do not include charges for services or supplies that are not needed or not appropriately provided."  (Docket Entry No. 10, Ex. 1-B at 31).  The Plan summary also includes a list of "Generally Excluded Charges."  (*Id.* at 40–45).  Among the list of excluded charges is any "Charge Above the Usual Charge" or "Charge Above the Prevailing Charge."  (*Id.* at 42).  A "Charge Above the Usual Charge" is defined as "[a] charge for a service or supply to the extent that it is above the usual charge made by the provider for the service or supply when there is no coverage."  (*Id.*).  The summary defines "Charge Above the Prevailing Charge" as "[a] charge for a service or supply to the extent that it is above the prevailing charge in the area for a like service or supply.  A charge is above the prevailing charge to the extent that it is above the range of charges generally made in the area for a like service or supply.  The area and that range are as determined by [Aetna]."  (*Id.*).

On June 22, 2005, Aetna sent N.D.'s counsel a letter explaining why certain charges had been denied.  (Docket Entry No. 10, Ex. 1-D).  The letter explained that the total denied amount was $14,153.67.  (*Id.*).  Attached to the letter was a spreadsheet listing eleven entries

3

for medical services, the date of service, billed amount, paid amount, date processed, denied amount, denied reason, and the applicable copayment or deductible for each service. (*Id.*). The spreadsheet provided the specific amounts (totaling $14,153.67) for which Aetna had denied payment. As to three of the charges, the "denied reason" was "duplicate charge." The other three charges, the bulk of the $14,153.67, listed "over reasonable and customary fees" as the "denied reason." (*Id.*).

AITS sued Aetna and Prudential in Texas state court to recover the unpaid part of the billed amounts and attorney's fees. In the state-court petition, and in the amended and proposed second amended complaints filed in this court, AITS alleged that the defendants "made an independent promise to pay [AITS] for the services rendered to Defendants' insured and became bound to pay [AITS] for those designated services, which were reasonable and customary for such services. Further, in reliance on Defendants' representations, [AITS] provided treatment to Defendants' insured to the detriment of [AITS]. Defendants have refused to pay for said services." As to breach of contract, AITS alleged that "it is in privity with Defendants in a Contract entered into for payment of medical services provided to Defendant's insured. This contract arises, not as a result of an insurance contract between Defendants and their insured, but as a result of Defendants' independent promise to [AITS] for payment for medical services provided to Defendants' insured." AITS asserted an alternative promissory estoppel claim for recovery of the billed costs, alleging that "Defendants made a promise to pay Plaintiff for services provided to

4

Defendants' insured."   AITS also alleged negligent misrepresentation, claiming that "Defendants represented that their insured was covered by their insurance policy and that the Defendants would pay for the services provided to their insured by Plaintiff.  This was an untrue statement of fact, as Defendants have since refused to pay for the services rendered to their insured."  The proposed second amended complaint adds a fraud claim, alleging that "Defendants materially and falsely represented to Plaintiff that Plaintiff would be paid for home IV infusion supplies and related services provided to Defendants' insured.  Defendants knew these representations were false when made and were made with the intent that Plaintiff would provide said supplies and services to their insured."  (Docket Entry No. 20, Ex. 1, ¶ 31).  AITS also alleges that its fraud and gross negligence claims justify a punitive damages award.  (*Id.*, ¶ 32).

Aetna moves to dismiss the state-law claims for breach of contract, negligent misrepresentation, and promissory estoppel as preempted and opposes the motion for leave to amend to add a fraud claim as futile.

## II.    Analysis

### A.    The Applicable Legal Standards

#### 1.    *The Motion to Dismiss*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) dismissal is appropriate only if there is no set of facts that could be proven consistent with the complaint allegations that would entitle the plaintiff to relief.  *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th

Cir. 2003).  The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Id.*; *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  To avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations.  *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).  A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).  In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.  *Collins*, 224 F.3d at 498.  If an affirmative defense or other barred relief (such as absolute immunity or statute of limitations) is apparent from the face of the complaint, a motion under Rule 12(b)(6) should be granted.  5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE Civil 3d § 1357, at 708 (2004).

> ### 2.    *The Motion for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a), a court should "grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation marks omitted). There must be a substantial reason to deny leave to amend under Rule 15(a).  *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).  Courts analyze five factors in determining whether a substantial reason to deny leave exists: (1) undue delay; (2) bad faith or dilatory

motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith*, 393 F.3d at 595; *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). If a proposed amended pleading cannot withstand a motion to dismiss, whether previously filed or not, the amendment should be denied as futile. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). If a party has filed a motion to dismiss giving notice of defects in the pleading, the motion provides sufficient notice of the defects so that the pleader should need only one amendment to cure the defects. *See United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004).

### 3.   *Complete Preemption and Conflict Preemption*

There are two distinct types of preemption under ERISA: conflict preemption and complete preemption. Conflict preemption is governed by section 514, 29 U.S.C. § 1144. Complete preemption is a judicially created doctrine based on section 502(a), 29 U.S.C. § 1132(a).  Section 502(a), the statute's civil-enforcement provision, provides that a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a).  This provision has "such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Pascack Valley Hosp. v. Local 466A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399–400 (3d Cir. 2004) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)).  State-law causes of action

that duplicate or fall within the scope of an ERISA § 502(a) remedy are completely preempted and cannot proceed.  Because such claims are inherently federal in nature, complete preemption allows them to be removed to federal court under 28 U.S.C. § 1441. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987).

Complete preemption stands in contrast with conflict preemption, which is governed by section 514(a) of ERISA, 29 U.S.C. § 1144(a).  This section provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a).  Section 514 creates a "conflict preemption" defense if a plaintiff seeks relief under a state law theory that relates to an ERISA plan but does not state a claim under ERISA itself.  "ERISA [conflict] pre-emption, without more, does not convert a state claim into an action arising under federal law."  *Taylor*, 481 U .S. at 64.  ERISA preempts a state-law claim if that claim "addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan," and if the claim "directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries."  *Mayeaux*, 376 F.3d at 432; *Bank of La. v. Aetna US Healthcare, Inc.*, No. 04-30986, 2006 WL 2212021, at *3 (5th Cir. Aug. 4, 2006).

8

### B.     The Breach of Contract Claim

AITS contends that Aetna breached an "independent promise to pay [AITS] for medical services provided to Defendants' insured."  (Docket Entry No. 9, Ex. 1, ¶ V). Defendants respond that AITS has no separate or independent managed-care contract with Aetna.  (Docket Entry No. 10 at 2).  AITS did not dispute this assertion.  To the contrary, AITS's petition, amended complaint, and proposed second amended complaint are clear that the only "contract" is a promise to pay for medical services provided to the insured, N.D. AITS's purported contract claim is based solely on an agreement by Aetna to pay AITS for the medical services provided to N.D.

This court has previously held that this claim is completely preempted.  Section 502(a)(1)(B) of ERISA allows a plan participant to sue to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The contract claim AITS asserts is a claim to recover benefits allegedly due N.D. under the Kroger Plan terms.  *See Gulf S. Med. & Surgical Inst. v. Aetna Life Ins. Co.*, 39 F.3d 520, 521–22 (5th Cir. 1994) (reviewing an ERISA § 502(a)(1)(B) claim challenging administrator's denial of benefits, including denials based in part on findings that the billed amounts exceeded the "regional estimate of the reasonable and customary charges" for the services); *Cathey v. Dow Chem. Co. Med. Care Program*, 907 F.2d 554, 560–61 & n.7 (5th Cir. 1990) (same). Resolving the breach of contract claim requires interpreting the Kroger ERISA Plan to determine whether the specific services AITS provided were covered as "eligible expenses,"

9

or not covered because the services exceeded the price of "reasonable and customary" services or were duplicative of other invoices already submitted and paid.  The Kroger Plan's obligation to pay for the services AITS provided N.D. depends on, and derives from, the Kroger ERISA Plan terms.  The dispute over the extent of coverage cannot be resolved by reference to a contract independent of the ERISA Plan; to the contrary, the only contract alleged is to pay according to the terms of the Kroger ERISA Plan.  Because the dispute is not "the applicable *rate* of payment, which [the plaintiff] maintains is set forth in the [managed-care contract]" but rather "whether the *services* themselves were usual, customary, reasonable, medically necessary, or otherwise 'covered' under the [ERISA] Plan," the claim is dependent on the Plan and completely preempted by ERISA.  *Tenet Healthsystem Hosps., Inc. v. Crosby Tugs, Inc.*, No. Civ. A. 04-1632, 2005 WL 1038072, at *3 (E.D. La. Apr. 27, 2005).  As this court previously held in ruling on the motion to remand, the breach of contract claim is completely preempted.  The motion to dismiss that claim is granted.

## C.    The Negligent Misrepresentation and Promissory Estoppel Claims

AITS alleges that the defendants represented that N.D. was covered by their insurance policy and that the defendants would pay for the services AITS provided to N.D.  Aetna cites *Mayeaux*, in which the court held that a treating physician's state-law claims for negligence, defamation, intentional interference with contracts, and unfair trade practices, challenging the handling, review, and disposition of a request for coverage, were preempted by ERISA. 376 F.3d at 432–33.  In *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952 (5th Cir. 1999), the court held that when a healthcare provider alleges

10

misrepresentations relating to coverage, preemption depends on "whether the claim in question is dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Id.* at 955; *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).   ERISA preempts state-law claims if the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and if the claim directly affects the relationship among the traditional ERISA entities—the employer, plan administrator, participants, and beneficiaries. ERISA also preempts third-party health care providers' derivative state-law claims alleging improper denial of a claim for plan benefits or claims that would have the effect of modifying a plan's express terms.   *Memorial Hosp. Sys.*, 904 F.3d at 245.   ERISA does not preempt third-party healthcare providers' nonderivative state-law claims.   *Id.*   In *Bank of Louisiana*, the court emphasized that conflict preemption would apply to a misrepresentation claim if the plaintiff intended to prove its claims by evidence that the ERISA plan benefit claims were improperly administered or processed, because such claims "require inquiry into an area of exclusive federal concern."   *Bank of La.*, 2006 WL 2212021, at *3.

This court will convert the motion to dismiss the negligent misrepresentation and the promissory estoppel claims on the basis of conflict preemption into a motion for summary judgment.   The parties may conduct discovery limited to conflict preemption issues and supplement the record.   The discovery must be completed no later than October 27, 2006. Aetna must supplement the record in support of its motion for summary judgment by November 17, 2006.   AITS will have until December 8, 2006, to respond.

### D.    The Proposed Fraud Claim

AITS's motion for leave to amend to add a fraud claim is denied because the proposed claim does not meet the pleading standards under Rule 9(h) of the Federal Rules of Civil Procedure.   To state a claim for fraud in federal court, the plaintiff must state with particularity the circumstances constituting the fraud.  FED. R. CIV. P. 9(b); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003); *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564 (5th Cir. 2002).  Instead of the "short and plain statement of the claim" required by Rule 8(a) of the Federal Rules of Civil Procedure, Rule 9(b) imposes a heightened pleading standard for averments of fraud. *See ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002); *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994); *Tuchman*, 14 F.3d at 1067.  The pleader must plead with specificity and may not rely on mere conclusory allegations.  *Tuchman*, 14 F.3d at 1068; FED. R. CIV. P. 9(b).  Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b).  The particularity required under Rule 9(b) includes the "'time, place, and contents of the false representations,' as well as the identity of the person making the representation and what that person obtained thereby."  *United States ex rel. Willard*, 336 F.3d at 384 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

Under Fifth Circuit precedent, a dismissal for failure to plead fraud with particularity is treated as a dismissal for failure to state a claim upon which relief can be granted under

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).  AITS has not alleged facts that meet the requirements of a fraud claim under Rule 9(b).  AITS has failed to allege the specific statements made; who made the alleged representations and to whom; the dates on which the purported representations were made; the place at which they were made, or the benefit derived thereby.  The motion for leave to amend to assert a fraud claim is denied.

SIGNED on August 29, 2006, at Houston, Texas.

_____
            Lee H. Rosenthal
      United States District Judge